UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>v.<br><br>FRANCISCO LOZANO,<br><br>                        Defendant. | Case No.: 3:23-cr-0992-RBM-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[Doc. 46]** |

      Pending before the Court is Defendant Francisco Lozano's *pro se* Motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 1B1.13 ("Motion").[1] (Doc. 46.) Defendant seeks compassionate release or reduction of his sentence based on extraordinary and compelling reasons. (*Id.* at 4–5, 11–12.[2])

      For the reasons set forth below, the Court **DENIES** Defendant's Motion.

---

[1] The Court notes that the caption and first page of the Motion identify a sentence reduction under 18 U.S.C. § 3585(c)(1)(2)(A). (Doc. 46 at 1.) However, it appears this was in error because the entire Motion is based on § 3582(c)(1)(A) and § 1B1.13 of the Sentencing Guidelines. (Doc. 46 at 2–14.)

[2] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1

## I. BACKGROUND

Defendant pleaded guilty to making a false statement in violation of 18 U.S.C. § 1001(a)(2) (Count 1) and unlawful misrepresentation in violation of 8 U.S.C. § 1325(a)(3) (Count 2). (Docs. 33–37, 43.) Defendant's Criminal History Report, Defendant's Sentencing Summary Chart, Defendant's Sentencing Memorandum, the Government's Sentencing Summary Chart, and the Government's Sentencing Memorandum were before the Court and considered at sentencing. (Docs. 38–42.) Defendant was sentenced to thirteen months and one day as to Count 1 and six months as to Count 2 to run concurrent to Count 1 and two years of supervised release as to Count 1. (Docs. 44–45.) On November 13, 2023, a month after Defendant was sentenced, he filed the present Motion. (Doc. 46.)

## II. DISCUSSION

Defendant moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 46 at 2.) He seeks compassionate release "based on the 'extraordinary and compelling reason' that [he has] a daughter and [two] granddaughters waiting for [him], because [he] is the only family they have" after his son-in-law was killed earlier this year. (*Id.* at 12.) Defendant points to the amendment of § 3582(c)(1)(A) to allow a court to reduce a defendant's sentence upon a defendant's motion and the amendment of § 1B1.13(a) of the Sentencing Guidelines in seeking a reduction in his sentence. (*Id.* at 2–3.)

### A. Amendments

The Court first addresses the amendments Defendant cites: (1) § 3582(c)(1)(A) and (2) U.S.S.G. § 1B1.13. The Court then considers whether Defendant has established he is entitled to a sentence reduction.

#### 1. Section 3582(c)(1)(A)

The First Step Act of 2018 ("FSA") amended § 3582(c)(1)(A). The earlier version of § 3582(c)(1)(A) allowed courts to modify a defendant's term of imprisonment based on extraordinary and compelling reasons, but the motion seeking modification could only be

2

filed by the Bureau of Prisons ("BOP"). *United States v. Amezcua*, 635 F. Supp. 3d 997, 1001 (E.D. Cal. 2022) ("Prior to the enactment of the [FSA], motions for compassionate release could only be filed by the BOP."). The FSA amended § 3582(c)(1)(A) to allow courts to modify a defendant's term of imprisonment on a defendant's motion but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A); *see also United States v. Lee*, Case No. 21-CR-00070-DMS-1, 2023 WL 7137350, at *1 (S.D. Cal. Oct. 30, 2023) ("Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting administrative remedies under the BOP process.")

## 2. Amendment of Sentencing Guideline § 1B1.13

Section 1B1.13 of the Sentencing Guidelines is a policy statement on sentence reductions under § 3582(c)(1)(A) that was amended, effective November 1, 2023, based on the FSA. The amendment makes § 1B1.13 applicable to motions filed by defendants under § 3582(c)(1)(A), in addition to BOP-filed motions, and identifies extraordinary and compelling reasons for sentence reductions with requirements for those reasons to apply. U.S.S.G. § 1B1.13. Section 1B1.13(b) now specifically lists extraordinary and compelling reasons for a sentence reduction: (1) medical circumstances; (2) age; (3) family circumstances; (4) victim of abuse; (5) other reasons of similar gravity; and (6) an unusually long sentence. *See also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons …."). Section 1B1.13 provides criteria explaining what is required to establish each extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13(b).

///

///

### B. Requirements of 18 U.S.C. § 3582(c)(1)(A)

Under § 3582(c)(1)(A), "district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022). Here, at least the first two requirements are not met.

#### 1. Exhaustion of Administrative Remedies

Under § 3582(c)(1)(A) a court may modify a defendant's term of imprisonment based on a defendant-filed motion, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). In short, the statute provides two routes to exhaustion. "In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to fully exhaust his or her administrative remedies by appealing this refusal from the Warden." *United States v. Mayorquin*, Case No. 18-cr-1732-BAS-1, 2020 WL 7427211, at *2 (S.D. Cal. Dec. 18, 2020). "In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies." *Id.*

Here, Defendant has not indicated in his Motion that he filed any request or petition for release or reduction of his sentence with the warden of his facility. This is a precursor to either route to exhaustion of administrative remedies. There can be no refusal by the Warden for Defendant to appeal if no request was ever filed. And 30 days cannot lapse from Defendant's request if no request was ever filed. Additionally, neither of these routes appears likely to have been met in this case prior to Defendant filing his Motion. Only 31 days passed between Defendant's sentencing before this Court on October 13, 2023 and his filing of the present Motion on November 13, 2023. (*See* Docs. 44–45.) In this respect,

4

not only does he not indicate when and how he exhausted, it appears unlikely he exhausted given when he filed his Motion.

To the extent Defendant is suggesting the amendment of § 1B1.13 permits the Court to consider a defendant-filed motion without a defendant first exhausting his administrative remedies, the language of § 1B1.13 makes clear that is not the case. While the amendment of § 1B1.13 extends its application to defendant-filed motions, it also reiterates it is only a defendant's motion that is filed in compliance with § 3582(c)(1)(A). U.S.S.G. § 1B1.13 ("Upon motion of … the defendant *pursuant to 18 U.S.C. § 3582(c)(1)(A)*, the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that … extraordinary and compelling reasons warrant the reduction.") (emphasis added). As discussed above, compliance with § 3582(c)(1)(A) requires exhaustion of administrative remedies.

Because Defendant has not exhausted his administrative remedies, he has not met the first requirement for reduction of his term of imprisonment.

### 2. Extraordinary and Compelling Reasons

As noted above, the amended version of § 1B1.13 identifies six possible extraordinary and compelling reasons for a sentence reduction: (1) medical circumstances; (2) age; (3) family circumstances; (4) victim of abuse; (5) other reasons of similar gravity; and (6) an unusually long sentence. "A defendant seeking a reduction in his terms of imprisonment bears the burden to establish … compelling and extraordinary reasons exist to justify compassionate release." *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020)) (citing § 3582(c)(1)(A)); *Lee*, 2023 WL 7137350, at *1 ("As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction.") (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

Here, Defendant primarily seeks reduction of his sentence based on having a daughter and two grandchildren waiting for him and that he is their only family because his son-in-law was killed. (Doc. 46 at 2, 4–5, 12 ("I pray the Court that based on the 'extraordinary and compelling reason' that I got a daughter and two granddaughters

waiting for me, because I am the only family they have.").)  He also seems to take issue with receiving a thirteen-month-and-a day sentence instead of the time-served sentence he requested.  (*Id.* at 12.)

The only reason in § 1B1.13 that could conceivably apply based on the information in Defendant's Motion is the third reason, family circumstances of the defendant.  U.S.S.G. § 1B1.13(b)(3).[3]  However, even the information provided on this basis is minimal.  Defendant does not provide specific information about his daughter and granddaughters.  (Doc. 46 at 12 (indicating only that his daughter and two granddaughters are waiting for him, and he is the only family they have).)  This itself is a reason to deny the Motion because Defendant does not explain how any extraordinary and compelling reason applies to him.  However, because Defendant recently raised these same circumstances in his Sentencing Memorandum for his sentencing on October 13, 2023, the Court has additional recent information in the record that it considers.  The daughter Defendant references in his Motion is not a minor,[4] and his two granddaughters are minors.  (Doc. 41 at 3.)  He was living with them and his son-in-law when his son-in-law was killed.  (*Id.*)  He was still living with them when he committed the offense to which he pleaded guilty.  (*Id.* at 3–4.)  The death of his son-in-law occurred before he committed the offense and impacted the finances of the family.  (*Id.* at 4.)  Defendant hopes to locate his daughter and grandchildren following his release.  (*Id.* at 6.)  At the time of sentencing, he did not know where they were living.  (*Id.* at 7.)

---

[3] Defendant's Motion includes numerous pages addressing unusually long sentences and sentencing disparities (Doc. 46 at 5–11) without any explanation how either would be applicable to his thirteen-and-a-day sentence.  The only information Defendant provides in support of his Motion is about his family.  (*Id.* at 12.)  Accordingly, this is the only extraordinary and compelling reason that the Court considers.  *See Holden*, 452 F. Supp. 3d at 969 ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish … compelling and extraordinary reasons exist to justify compassionate release.") (citing § 3582(c)(1)(A)).

[4] Neither of Defendant's daughters are minors.  (Doc. 41 at 3.)

6

These circumstances do not meet the requirements in § 1B1.13(b)(3) for family circumstances. Section 1B1.13(b)(3)(A) applies when a caregiver—of a defendant's minor child or adult child incapable of self-care—dies or is incapacitated. This subsection does not apply because Defendant has no minor children and there is no indication his adult daughter is incapable of self-care.

Section 1B1.13(b)(3)(D) applies when "circumstances similar to those listed in (3)(A) through (3)(C) exist involving any other immediate family member … when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(D). "'[I]mmediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a *grandchild*, grandparent, or sibling of the defendant." *Id.* (emphasis added). Defendant's grandchildren may be considered immediate family members; however, Defendant has not established he is the only available caregiver for them. They have a caregiver, Defendant's adult daughter. *See Velazquez-Inchaurregui*, 2023 WL 7926797, at *2 (finding defendant failed to establish extraordinary and compelling reason when she did not show "why the fathers of her children, *who were caring for the children at the time she was sentenced*, cannot continue to do so.") (emphasis added). To obtain a reduction in his sentence based on the care of his grandchildren, Defendant would not only need to show that their mother is suddenly unable to be their caregiver, but also that others are not available caregivers. *See Lee*, 2023 WL 7137350, at *3 (finding a defendant failed to make the required showing that he was the only available caregiver when the record reflected there might be other family caregivers).

The Court finds that Defendant has not met his burden of establishing an extraordinary and compelling reason warrants a reduction of his sentence.

### III. CONCLUSION

Defendant has not exhausted his administrative remedies nor established an extraordinary and compelling reason warrants a sentence reduction under 18 U.S.C.

1  § 3582(c)(1)(A) or § 1B1.13 of the Sentencing Guidelines.[5]  Therefore, the Motion is
2  **DENIED**.
3     **IT IS SO ORDERED.**
4  Dated:  December 11, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court finds two of the four requirements for a sentence reduction under § 3582(c)(1)(A), (*see* II.B), are not met, the Court does not reach the third and fourth requirements.

8